OTIS F. THOMPSON *vs.* ROBERT PENNELL and ROBERT BOWKER, Trustee.

Cumberland. Decided December 28, 1877.

*Trustee process.*

Section 50, c. 86, R. S., which provides that property mortgaged, pledged or delivered to a trustee may be made available to creditors, does not apply to a case where the conveyance is absolute in form and fraudulently intended by the parties to be so in fact, as to creditors, but as between themselves to be as security only.

On a disclosure in such case, the trustee should be holden absolutely and not on condition of payment to him of the consideration of the conveyance. R. S., c. 86, § 63.

ON EXCEPTIONS from the superior court.

ASSUMPSIT to which no defense was made. The contention was as to the liability of the alleged trustee, on whom the writ was served, March 23, 1875. At the May term, 1875, he disclosed as follows:

"On November 11, 1874, Robert Pennell was the owner of one-eighth of the ship Martha Bowker, and conveyed it to me, for which I was to pay him the sum of $1000. I made two payments of $300 and $244 in cash. He was indebted to me on account of the bark Caroline Lemont, of which I was agent, in the sum of $150, which indebtedness was canceled. I gave him my negotiable promissory note for $100, which I have not yet paid. He drew an order on me in favor of R. H. Bowker for $211.24, which I accepted. All these sums were intended to be in payment for said one-eighth, but the aggregate of them, when the order was accepted, was $1005.24, making an overpayment of $5.24 to Mr. Pennell. There had been some talk of his conveying the one-eighth to me as security for advances, and my giving a bond to re-convey upon his repaying me, but that was abandoned, and the sale made as aforesaid, outright."

The plaintiff filed the following allegations of fact:

"1, That at the time of the conveyance of the eighth of the Martha Bowker, the defendant, Pennell, was under great pecuniary embarrassment; 2, was in failing condition; 3, was insolvent; 4, that Bowker had knowledge thereof; 5, that the original intention of the parties that the defendant should convey in mortgage only was changed, and a conveyance absolute in form was made by the defendant and received by Bowker on account of such embarrassment and insolvency of the defendant, with the mutual intent to impede and delay the creditors of the defendant; 6, that $1000 was an inadequate price, that the eighth was then worth $2500."

Evidence was introduced and arguments were made by counsel; and Judge Symonds, at the March term, 1876, ordered as follows: "That on payment or tender of $1005.24, together with interest on the same from the twenty-third day of March, 1875, to the time of such tender, by the plaintiff to said Bowker, trustee, within ten days of the entering of this order, and the discharge of said Bowker from all his liability as owner of said one-eighth of said ship "Martha Bowker" for the expenses of said "Martha Bowker," (or his sufficient indemnification against said liability) the said Bowker shall deliver over the said one-eighth of the said ship

"Martha Bowker" to the officer serving the process, to be by him held and disposed of as if said one-eighth had been attached on *mesne* process, and that in default thereof said Bowker shall be charged as trustee of said Robert Pennell."

To this order the plaintiff alleged exceptions.

*W. Gilbert,* for the plaintiff, contended that the case did not come under R. S. c. 86, § 50, as the thing was not mortgaged, &c., to secure; but came under c. 86, § 63; that trustee process was an equitable suit (*Page* v. *Smith,* 25 Maine, 256, 264; *Fletcher* v. *Clarke,* 29 Maine, 485, 487, 488); that therefore the question of fraud should be determined as in equity; that the debt due the plaintiff having accrued before the conveyance, it is not material whether it is deemed actual or legal fraud; *Fletcher* v. *Clarke, supra.*

The counsel pointed out badges of fraud. Defendant was insolvent. Bowker knew it. The vessel was defendant's only attachable property. The price was grossly inadequate. The original agreement was that Bowker should give bond to re-convey. It was suffered to lie till plaintiff pressed hard when Bowker pretended to exact an unjust alternative and Pennell pretended to submit to the condition which ignored creditors. Pennell continued to take the earnings. *Hartshorn* v. *Eames,* 31 Maine, 93.

Bowker, making an unconscionable bargain by reason of grossly inadequate price, acted fraudulently against subsisting creditors. Story's Eq. Jur. §§ 244, 188, 349, 353, 369, 373.

*A. A. Strout & G. F. Holmes,* for the trustee, contended as matters of fact that the price was not inadequate and the sale not fraudulent.

LIBBEY, J. From a careful examination of the disclosure of the trustee and the evidence taken under the plaintiff's allegations, we are satisfied that the trustee, Bowker, on the 11th of November, 1874, took from the principal defendant, Pennell, a conveyance of one-eighth of the ship Martha Bowker, then worth at least $2500, as collateral security for about $1000, for a debt due from Pennell to him, money paid, and liabilities assumed for Pennell, with the verbal agreement between the parties that Bowker should give to

Pennell a bond to re-convey the same to him on payment of said sum; that the matter remained in that way till the 25th of February, 1875, the day before the commencement of this suit, when Bowker, knowing Pennell to be insolvent, and having reason to believe the plaintiff was about to bring a suit against Pennell, and in some form attempt to attach his interest in the ship, went to Pennell and refused to give the bond as he had agreed, and it was thereupon agreed between them that the conveyance should be treated as an absolute sale of the one-eighth of the ship for $1000, with a secret understanding between them that Bowker would re-convey to Pennell on payment by him of that sum.

This conveyance was for less than one-half of the value of one-eighth of the ship, and though absolute in form and to be treated as absolute as to third parties, it was not so in fact between the parties, but was intended as security only. Setting it up by Bowker as an absolute sale, against existing creditors of Pennell is, under the facts of the case, a fraud on them and they may avoid it. By virtue of R. S. c. 86, § 63, the trustee must be charged.

The court below erred in charging the trustee conditionally. He does not claim to hold the ship as security. He claims to hold it as against the plaintiff absolutely. This claim of title is fraudulent as against the plaintiff. If the trustee comes into court and sets up a fraudulent claim of title, he cannot invoke equity. If the decree will be a hardship to him, it results from the position he has voluntarily and deliberately assumed, and which, if he should be permitted to succeed, would defraud the plaintiff. But in this case he will not suffer by being charged unconditionally, as the interest in the ship is worth more than enough to pay plaintiff's claim and the sum advanced by the trustee.

> *Exception sustained.*
> *Trustee charged for one-eighth*
> *of the ship Martha Bowker.*

APPLETON, C. J., DICKERSON, DANFORTH and VIRGIN, JJ., concurred.